IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:25-cr-00021 |
| Plaintiff, | : | District Judge Michael J. Newman |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| JEFFREY L. DEMMINGS, | : | |
| Defendant. | : | |

## DECISION & ORDER DENYING PLAINTIFF'S MOTION FOR PRETRIAL DETENTION (DOC. 6)

This case came before the Court on Plaintiff's Motion for Pretrial Detention (Doc. 6), in which the Government seeks an order detaining Defendant Jeffrey Demmings ("Defendant") without bond pending trial under the Bail Reform Act of 1984, 18 U.S.C. § 3142. The Court held a detention hearing after reviewing the Pretrial Services report, which recommends that Defendant be released. Having considered the report and arguments of counsel, the Court finds that conditions of release are available that will reasonably assure both the Defendant's appearance as required by the Court and the safety of other persons and the community. Therefore, the Motion is DENIED.

**I.      LEGAL STANDARD**

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *U.S. v. Salerno*, 481 U.S. 739, 755 (1987). Under the Bail Reform Act, the Court "**shall** order the pretrial release of the person on personal

recognizance, or upon execution of an unsecured appearance bond … unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b) (emphasis added).

The Government is authorized to request a pretrial detention hearing in cases involving certain offenses. 18 U.S.C. § 3142(f)(1). In addition, the Government may request, or the Court may hold on its own motion, a pretrial detention hearing if there is a serious risk that the defendant will flee, obstruct justice, or threaten, injure, or intimidate a prospective witness or juror. 18 U.S.C. § 3142(f)(2)(A) & (B). The Federal Rules of Evidence do not apply at a pretrial detention hearing and the Court may consider both hearsay and evidence provided by proffer. *U.S. v. Stone*, 608 F.3d 939, 948-49 (6th Cir. 2010). The Government must prove the risk of flight by a preponderance of the evidence, *U.S. v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004), and the risk of dangerousness by clear and convincing evidence. *Stone*, 608 F.3d at 945.

A rebuttable presumption of detention arises if the Court finds that there is probable cause to believe that the defendant committed certain offenses involving controlled substances, firearms, conspiracy to murder or kidnap, terrorism, peonage, or minor victims.[1] 18 U.S.C. § 3142(e)(3)(A)-(E). A rebuttable presumption of detention also arises if the defendant has a prior conviction for an offense listed in 18 U.S.C. § 3142(f)(1), the defendant committed that offense while on pretrial release, and not more

---

[1] An indictment provides probable cause for purposes of establishing a rebuttable presumption. *U.S. v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

2

than five years have elapsed since the date of conviction or the defendant's release from imprisonment. 18 U.S.C. § 3142(e)(2).

If a rebuttable presumption arises, then the defendant "must introduce at least some evidence" that he does not pose a risk of flight or danger to the community to rebut the presumption of detention. *Stone*, 608 F.3d at 945 (internal quotations and citation omitted). The defendant's burden of production is not a heavy one. *Id*. At all times, the Government bears the burden of persuasion. *Id*. Even if the presumption is rebutted, the Court must consider it when deciding whether to detain the defendant prior to trial. *See Stone*, 608 F.3d at 945 (explaining that "[t]he presumption remains as a factor because it is not simply an evidentiary tool" but also "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial.").

In addition to considering any rebuttable presumption that applies, the Court must also consider: (1) the nature and circumstances of the offense charged, "including whether the offense is a crime of violence, a violation of [18 U.S.C. § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device," (2) the weight of the evidence of risk of flight or dangerousness (not guilt), *Stone*, 608 F.3d at 948; (3) the defendant's history and characteristics;[2] and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

---

[2] A person's history and characteristics includes, but is not limited to: "(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on

Finally, if the Court orders the release of a defendant pending trial, the Bail Reform Act requires it to impose the "least restrictive" condition, or combination of conditions, necessary to reasonably assure the defendant's appearance and the safety of other persons and the community. 18 U.S.C. § 3142(c)(1)(B). Notably, the fact that the defendant's release will create *some* risk of nonappearance or danger to the community is not, in and of itself, a sufficient basis for detaining him prior to trial. Instead, the Court is only authorized to detain a defendant if it finds that there are no conditions available that would reasonably assure both his appearance and the safety of the community.

## II.   FINDINGS & ANALYSIS

Based upon its review of the Pretrial Services Report and Indictment, and its consideration of the proffers made by counsel during the hearing, the Court makes the following findings of fact.

A grand jury of the United States District Court for the Southern District of Ohio indicted Defendant for (1) conspiracy to possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) possession with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C); and (3) felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

---

parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3).

A rebuttable presumption of detention applies because the case involves one or more drug offenses with a maximum imprisonment of ten years or more under the Controlled Substances Act, 21 U.S.C. § 801 et seq. *See* 18 U.S.C. § 3142(f)(1)(C).

Prior to the hearing, Pretrial Services recommended that Defendant be released on certain conditions. Counsel for the Government disagreed. She argued that detention is necessary because there is probable cause to believe that Defendant was dealing drugs from his house, and no conditions can prevent him from continuing to engage in such conduct. She argued that Defendant has previously been convicted of drug trafficking offenses and it had not changed his behavior. However, she conceded that she is not aware of evidence that Defendant has engaged in criminal conduct during the past year. She also argued that there is a risk of flight.

Defendant's counsel argued that he has a limited criminal history and it shows that he successfully completed prior court supervision. Counsel argued that location monitoring will reasonably assure Defendant's appearance in Court. Finally, Defendant argued that the conduct described in the Indictment occurred one year ago, and the Government was not concerned about him being in the community during the past year.

The Court finds that when it considers the applicable factors together, they weigh in favor of pretrial release. The Court finds that Defendant rebutted the presumption of detention by providing evidence of past compliance with court orders, including probation and parole. Given Defendant's strong family ties and lifelong residence in the area, the Court finds that the Government did not meet its burden of proving by a preponderance of the evidence that electronic location monitoring will not reasonably

5

assure Defendant's appearance as required by the Court. Finally, the Court finds that the Government did not meet its burden of proving by clear and convincing evidence that if Defendant is released under these conditions, he will pose a danger to the community.

### III. CONCLUSION

The Court must release Defendant prior to trial unless it finds that no condition, or combination of conditions, will reasonably assure both his appearance in Court and the safety of the community. The Court finds that the conditions described above will provide such reasonable assurances. The Court also concludes that the relevant factors, weighed together, establish that Defendant should be released on his own recognizance prior to trial with certain conditions. **The Court reminds Defendant that he will face significant penalties if he violates any conditions of his pretrial release.**

Accordingly, the Government's Motion for Pretrial Detention is **DENIED.**

IT IS SO ORDERED.

                                                 */s/ Caroline H. Gentry*
                                                Caroline H. Gentry
                                                United States Magistrate Judge

Any party may file and serve on the opposing party a motion for revocation or amendment of this Order with a United States District Judge. 18 U.S.C. § 3145(a). A defendant who files a motion for revocation or amendment must arrange for a transcript of the detention hearing. This Order is in full force and effect, notwithstanding the filing of a motion for revocation or amendment, unless it is stayed by the Magistrate Judge or District Judge.